INOCENCIA VEGA, Plaintiff and Appellee, *v.* ANTONIO PONCE and JOSEFA CRUZ-SANTIAGO, Defendants and Appellants.

No. 3244. Argued May 27, 1924.—Decided March 5, 1925.

1. LEGATEE—CAUTIONARY NOTICE.—When a legatee of goods or money fails entirely to take the steps required by articles 46 and 52 of the Mortgage Law, no rights can possibly arise in his favor.
2. ID.—ID.—THIRD PERSON.—A legacy of goods or money can not prejudice a third person if the notice is not entered within 180 days after the death of the testator, although it may be mentioned in the record of a property entered after the expiration of 180 days.
3. ID.—ID.—Articles 46 and 52 of the Mortgage Law, and not article 29, are applicable to legacies of goods or money.

District Court of Mayagüez, Angel Acosta, J. Judgment for the plaintiff with costs. *Reversed.*

*Pascasio Fajardo* for the appellee. *Juan Alemañy Sosa* for the appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

This action was one wherein the complainant sought to recover a legacy of $1,000. She maintained that the legacy was a charge against the estate of Julia Vélez de Vialís and hence a charge against the land of defendants, who acquired the said land from the executor husband. The said land

was matrimonial property and of course by the conveyance the purchaser acquired all the right, title and interest of the husband therein, matrimonial or otherwise.

In her will Julia Vélez de Vialís bequeathed $1,000 to Inocencia Vega to be paid to the latter when she became of age. The testatrix bequeathed other small amounts to other persons, the whole legacies amounting to $1,450. The rest of her property the testatrix left to her husband, José E. Martínez y Martínez, who was named as executor and was allowed five years within which to pay the other legacies. The testatrix died on September 7, 1915,—two months after making her will. On that day Inocencia Vega was eighteen years old, having been born on June 15, 1897. Apparently the only piece of land that this conjugal society owned on which the legacy might be charged was the property now in question. It was deeded first to the Ana María Sugar Company and by it to defendants. The property was, after the death of the testatrix, at the instance of the Ana María Sugar Co., recorded in the name of José E. Martínez y Martínez, the said husband, and in the said record the registrar stated that the said property was affected by and subject to the payment of the legacies. A similar statement was carried (*arrastrado*) to the subsequent records in favor of the subsequent purchasers.

In addition to a specific bequest, the Mortgage Law in terms requires certain formalities, hereafter to be recited, before such bequest becomes a charge upon real estate. This is not the case where knowledge only would prevent a purchaser from being considered a third person. Actual knowledge is a sort of estoppel to deny pre-existing rights, especially if they are real rights, but in regard to a particular legacy to charge it upon land the lien—something like an attachment—must first be created. The right to the legacy is pre-existing. To make it a charge the law must be fol-

lowed. Hence a mere record made, unless authorized by law, can not create a charge.

The Mortgage Law in regard to legacies is as follows:

"Art. 46.—A devisee who has no right under the law to institute testamentary proceedings may at any time request a cautionary notice respecting the thing devised to him if it be specific real property.

"If the devise is not specific, the devisee may demand a cautionary notice of its value upon any real property of the estate sufficient to cover it, within 180 days after the death of the testator.

"In either case the notice shall be entered upon presentation to the registrar of the instrument on which the devisee bases his right.

"A devisee of specific real property or of credits or pensions secured thereby can procure a cautionary notice as to such property only.

"Art. 52.—A legatee of property which is not specific who shall permit the period mentioned in article 46 to elapse without availing himself of his right, may later demand only a cautionary notice against the property of the estate still in possession of the heir; but it shall not produce any effect against a person who shall have previously acquired and recorded an interest in the inherited property."

In 2 Galindo and Escosura, Commentaries on the Mortgage Law, p. 500, it is stated:

"A legatee may demand a cautionary notice at any time; but the effects thereof vary according to when and by whom the demand is made.

"Being the legatee of specific property, he retains full ownership regardless of when he demands a cautionary notice; if not the legatee of specific property he may still demand a cautionary notice at any time as provided by Art. 52, but it shall produce different effects according to the time such demand is made. If applied for within the 180 days, the caveat may be made upon any property of the estate, if subsequent thereto, upon any remaining property; but the nature of the case determines whether his rights shall be preserved, modified or lost."

And similarly, on page 503 it is said:

"The legatee who allows the 180 days following the death of the testator to pass without recording his right may only demand there-

after a cautionary notice against the inherited property that may be in possession of the heir, and he shall have priority in regard thereto over the creditors who may have acquired their interest after the entry of the cautionary notice; but if the former shall have mortgaged the inherited property, the cautionary notice asked for by the legatee after the 180 days shall not prejudice the mortgagees. This does not mean that he has lost his right completely; he may still bring personal actions against the heir, provided the latter has other property.''

Similarly, in 6 Manresa, Commentaries on the Civil Code, p. 716, the following appears:

''A legatee of *goods or money* may demand the entry of a cautionary notice for the value of his legacy against any inherited real property that is not specially devised to others and is sufficient to cover the same even though a cautionary notice against such property may already appear in favor of another legatee of like character.

''These notices may be demanded at any time, but the law distinguishes as to the effects thereof according to whether they are asked for within or after the 180 days subsequent to the death of the testator.

''Within the 180 days the legatee elects, so to speak, the inherited specific property against which notice shall appear. The cautionary notice—so far as regards the value of the property subject to it—gives priority to such legatees over those who did not make use of their right within the same period and, if the inheritance was accepted specifically, over the creditors of the heir and any other person who, subsequent to the entry of the notice, might acquire any right to the property covered by such notice, limited, as stated, by the value of the property and not by the value of the bequest.

''Legatees to protect whom a notice is entered within the 180 days enjoy no priority among themselves.

''After the expiration of the 180 days a legatee of property or money can apply for a cautionary notice only against the property that is shown by the registry to be in possession of the heir, so that in case the latter has alienated or encumbered such property in whole or in part, the legatee could only demand a notice against the property belonging to the heir, subject to the encumbrances thereon. In such case the cautionary notice obtained gives priority only over any creditor of the heir who may subsequently acquire a

right to the property against which the notice appears, but not over another legatee even though he fail to apply for the entry of notice."

Also at page 149 of 3 Morell on the Mortgage Law we .find:

"1.—*Relations between these legatees and the heir.*—After the lapse of the 180 days the heir may freely record the inherited property in his favor and any acts by him alienating or encumbering the property may easily be recorded. The legatee may only record the property existing in possession of the heir, it being understood that such property as was previously transferred is not in his possession even though the transfer may still be unrecorded.

"2.—*Relations between the legatees and third persons who have acquired property or property rights.*—Article 52 is very clear. The cautionary notice of the legatee shall have no effect against one who has previously acquired or recorded any right in regard to the inherited property. If that right were recorded, the cautionary notice would not lie. If previously *acquired,* but still unrecorded, the notice lies but is ineffective, and upon proof of the former acquisition the notice must be canceled."

[1, 2] Appellant is disposed to concede that the provisions of the Mortgage Law can not be followed literally and that a minor can not be compelled to act until in possession of actual knowledge, at least while still a minor. It is an established fact that the said minor knew nothing of the legacy until she was of age, but the evidence shows she did not make the record within 180 days after she came of age, or at any time thereafter. The will required the executor to pay the legacies in cash and the ignorance of the minor can not affect purchasers forever. We are rather inclined to the view that after 180 days any action a legatee may have is personally against the executor or the heirs. If an exception is made in favor of a minor, it can not be extended beyond the time the said minor becomes an adult, or 180 days thereafter.

The court apparently was relying on article 29 of the Mortgage Law, as follows:

"Art. 29.—Ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in the registry as a separate and special record, shall be effective against third persons from the date of the entry made upon presentation of the instrument.

"The provisions of the foregoing paragraph shall be understood without prejudice to the obligation of specially recording such interests or to the liability which may be incurred by a person who must request the record in certain cases."

Of course a legacy is not a real right prior to inscription. Did the *mención* convert it? Let us hear what the commentators say.

" * * * Article 29 of the Mortgage Law refers only to ownership and property rights, and can not be amplified to embrace those which, while not partaking of such character, appear for any reason in the registry.

"Therefore they should be regarded as not having been entered and as being without effect in their relation to third persons." 2 Galindo & Escosura, 323, Commentaries on the Mortgage Legislation.

"As to the entries of personal rights, there can be no question whatsoever.

"Art. 29 refers only to the entry of the ownership or property rights. The mention of personal rights or duties can not affect third persons. Nevertheless, if the failure to comply with the duty set out could bring about the rescission of the act or contract recorded, and so appears from the record, it must be remembered that according to article 37 the rescission, should the same take place, would prejudice the third person to whom the property or the right might have been transferred.

"The adjudication of specific property for the payment of debts in the matter of an estate, meeting of creditors or bankruptcy, does not imply a lien on real property in favor of the creditors, but merely a personal obligation on the part of the grantee who may retain the property and pay off the debts with his own funds unless the entry of record expressly provides that the properties are specially subject for purposes of payment. It is so prescribed in Art. 45 of the law in force, rectifying an erroneous construction of the Supreme Court. See the Commentary on said article.

"When the right reserved in a deed is purely personal in nature, it produces effects only between the parties and their universal

heirs and in no wise affects the value of the property right recorded, for which reason the entry thereof does not change its legal character." (Decision of December 4, 1897.)   2 Morell, Commentaries on the Mortgage Legislation, 572–3.

[3] We feel bound to hold that article 29 does not cover a case of this kind.   Even if article 29 of the Mortgage Law were held to apply and the action of the executor in recording the will and causing a mention to be made in the registry were tantamount to recording a real right there, nevertheless such record did not relieve the complainant from the necessity of taking some further step in accordance with articles 46 and 52 of the Mortgage Law.   The case is analogous to other annotations which do not have the effect of records until the owner of the supposed real right takes some fresh step.

The judgment appealed from should be reversed and the complaint dismissed.